## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

**BRUCE SMALLS**, individually, and on behalf of others similarly situated,

    Plaintiff,

vs.

**FACILITY CLEANING INTERNATIONAL, INC.** and **UNITED STATES BUILDING CLEANING, LLC,**

    Defendants.

Case No.:

**COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND**

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff BRUCE SMALLS (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, BROWN, LLC, files this Collective Action Complaint against Defendants FACILITY CLEANING INTERNATIONAL, INC. and UNITED STATES BUILDING CLEANING, LLC ("Defendants"), and states as follows:

1. Plaintiff, an hourly-paid employee of Defendants, brings this action individually and on behalf of all other similarly situated hourly-paid employees to recover (i) unpaid overtime compensation, (ii) liquidated damages, (iii) attorneys' fees and costs, all pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), and (iv) declaratory relief pursuant to 28 U.S.C. § 2201.

2. Defendants willfully violated the FLSA's overtime requirements by paying hourly-paid employees straight-time for overtime, i.e. their regular hourly rate for hours worked in excess of 40 in a workweek.

3. As a result, there were many weeks in which Plaintiff and other hourly-paid employees did not receive overtime compensation at a rate of one-and-one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the

FLSA.

4.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of all hourly-paid employees who worked for Defendants at any time within the period of three years prior to the commencement of this action and the date of judgment. Plaintiff reserves the right to amend this definition as necessary.

## JURISDICTION AND VENUE

5.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, et seq.

6.     The Court has personal jurisdiction over Defendants because Defendants are registered in Colorado and have their principal place of business in Colorado.

7.     Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b)(2) because Defendants reside in this district, and because a substantial portion of the events or omissions that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

**Defendants**

8.     Defendant Facility Cleaning International, Inc. (hereinafter "FCI"), is a for profit corporation registered in Colorado, with its principle office address at 10200 E. Girard Ave, Suite B-400, Denver, CO 80231, and registered agent Ick Soo Pang at 10200 E. Girard Ave, Suite B-400, Denver, CO 80231, United States.

9.     FCI is a "full service janitorial provider" that addresses the "standard custodial services problems faced by all property facility owners and managers." According to FCI's website, FCI is "a trusted worldwide provider of custodial, janitorial and facility cleaning services for some of the largest companies in the world" and provides "large-scale janitorial

management services for thousands of facilities around the globe."[1]

10. Defendant United States Building Cleaning, LLC is a limited liability company registered in Colorado, with its principle office address at 10200 East Girard Avenue, B400, Denver, CO 80231, and registered agent Pacific Registered Agents, Inc. at 44 Cook St., Ste 100, Denver, CO 80210, United States.

**Plaintiff**

11. Plaintiff Bruce Smalls is a resident of Duncan, South Carolina.

12. Plaintiff was employed by Defendants from approximately May 1, 2019 through the present as an hourly-paid Tugger Driver.

13. Plaintiff performed work for Defendants in Greenville, South Carolina.

14. Plaintiff signed a consent form to join this lawsuit, which is attached as *Exhibit 1*.

## FLSA COVERAGE

15. At all relevant times, Plaintiff was Defendants' "employee" within the meaning of the FLSA.

16. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

17. At all relevant times, Defendants were and continue to be "an enterprise engaged in commerce" within the meaning of the FLSA.

18. At all relevant times, the gross revenue of Defendants was in excess of $500,000.00 per annum.

19. At all relevant times, Defendants had two or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

## FACTUAL ALLEGATIONS

20. Defendants employ hourly-paid employees, including but not limited to Tugger

---

[1] See Defendant's website: http://facilitycleaning.com/ (Last Accessed August 13, 2019).

Drivers, housekeeping, supervisors, etc.

21. Defendants' hourly-paid employees regularly work over 40 hours in a workweek.

22. Plaintiff's weekly shifts are typically approximately 7 PM - 7AM on Sunday and 11 PM – 7 AM on Monday through Thursday.

23. Plaintiff works approximately 44 hours or more in most, if not all weeks.

24. Defendants do not pay their hourly-paid employees time-and-a-half of their regular rates of pay for hours worked over forty (40) in a workweek.

25. Rather, to the extent hourly-paid employees are paid for hours worked in excess of forty (40) in a workweek, it is at their regular hourly rate.

26. For example, in the workweek of March 3, 2019 to March 9, 2019, Defendants paid Plaintiff for 44 hours of "Regular Pay" at a rate of $12.00 per hour. Plaintiff did not receive time-and-a-half of his regular rate of pay for any hours worked over forty (40) in this workweek.

27. Defendants' failure to pay Plaintiff and other hourly-paid employees proper overtime compensation as required under the FLSA was knowing and willful.

28. Defendants' failure to pay Plaintiff and other hourly-paid employees proper overtime compensation was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

**COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff re-alleges and incorporates all previous paragraphs as though set forth fully herein.

30. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and on behalf of the "FLSA Collective," to be defined as:

> *All hourly-paid employees who worked for the Defendants at any time within the period of three years prior to the commencement of this action and the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

31.     With respect to the claims set forth herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b) because: (a) they have been or are performing the same or similar job duties as one another; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

32.     Members of the FLSA Collective are all non-exempt employees of Defendants.

33.     Defendants failed to pay members of the FLSA Collective, including Plaintiff, proper overtime compensation.

34.     Defendants' failure to compensate Plaintiff properly results from a policy or practice applicable to all members of the FLSA Collective who work(ed) in similar positions.

35.     Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies put in practice which resulted in not being paid proper overtime compensation applies to all members of the FLSA Collective.

36.     Plaintiff estimates the FLSA Collective, including other similarly situated hourly paid employees over the relevant period, will include over fifty members. The precise number of persons eligible to join the FLSA Collective should be readily ascertainable from a review of Defendants' personnel and payroll records.

**COUNT I**
**(Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY OVERTIME**

37.     Plaintiff re-alleges and incorporates all previous paragraphs as though set forth fully herein.

38.     29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above

specified at a rate not less than one and one-half times the regular rate at which he is employed.

39. Plaintiff and other hourly-paid employees regularly worked more than forty hours a week.

40. Defendants failed to pay Plaintiff and the other hourly-paid employees overtime compensation at a rate not less than one and one half times their regular rate of pay for hours worked in excess of forty per workweek, as required by the FLSA.

41. Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

42. As a result of the foregoing, hourly-paid employees, including Plaintiff, were illegally denied proper compensation and overtime compensation earned at the premium rate, in amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

## RELIEF REQUESTED

WHEREFORE, Plaintiff Bruce Smalls, on behalf of himself and all other putative FLSA Collective members, respectfully requests that this Court grant the following relief:

A. Certification of this action as a collective action on behalf of the members of the FLSA Collective and appointment of Plaintiff and his counsel to represent the Collective;

B. An ordering directing Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all other putative FLSA Collective members and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including by publication of notice in a manner that is reasonably calculated to apprise the class members of their right to join and participate in this lawsuit pursuant to 29 U.S.C. § 216(b);

C. An order directing Defendants, at their expense, to investigate and account for the number of hours worked by Plaintiff and all hourly-paid employees who opt-in to this action;

D. An award of damages for all unpaid overtime compensation;

E. An award of liquidated damages in an amount equal to all unpaid overtime compensation;

F. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

G. Judgment for any and all civil penalties to which Plaintiff and the Collective may be entitled;

H. An award of costs and expenses of this action, together with reasonable attorneys' and expert fees;

I. An incentive award for Plaintiff; and

J. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff Bruce Smalls, individually and on behalf of all other similarly situated hourly-paid employees, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Dated: September 19, 2019

RESPECTFULLY SUBMITTED,

By:  s/ Jason T. Brown

Jason T. Brown
Nicholas Conlon
Lotus Cannon*
BROWN, LLC
111 Town Square Pl Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
lotus.cannon@jtblawgroup.com

*Will seek admission pro hac vice

*Counsel for Plaintiff*